UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KENNETH BROWN,

                            Plaintiff,

  -against-

THE CITY OF NEW YORK, DETECTIVE RICHARD
ALVAREZ (SHIELD NO.: 1415), DETECTIVE
WILLIAM MAISONETTE (SHIELD NO.: 4606) AND
DETECTIVE WILLIAM ARTILES (SHIELD NO.:774),

                          Defendants.
------------------------------------------------------------------X

CIVIL ACTION

*AMENDED COMPLAINT*

JURY TRIAL DEMANDED

**Index No. 15 CV 612 (VSB)**

Plaintiff, by his attorney, Jason L. Lopez, as and for his complaint hereby alleges as follows:

## Parties

1.    Plaintiff KENNETH BROWN presently resides and is domiciled in the State of New York.

2.    Upon information and belief defendant the CITY OF NEW YORK (hereinafter "City") is a municipal corporation domiciled in the State of New York.

3.    Upon information and belief, defendant DETECTIVE RICHARD ALVAREZ (hereinafter "Alvarez"), DETECTIVE WILLIAM MAISONETTE (hereinafter "Maisonette") and DETECTIVE WILLIAM ARTILES (hereinafter "Artiles") reside and are domiciled in the State of New York.

## Jurisdiction - Venue

4.    This action is brought pursuant to 42 U.S.C. §1983 and the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the Constitution and

laws of the State of New York. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and §1343(a)(3)(4).

5. Venue on this action lies in the Southern District of New York pursuant to 28 U.S.C. §1391 as the events giving rise to this action occurred in the Southern District.

## General Allegations of Fact

6. Plaintiff Kenneth Brown presently resides at 117 W. 90th Street, New York, NY 10024 and resided at that address on the day in question.

7. At all times relevant hereto, the City maintained, controlled and operated the New York City Police Department which is empowered under the laws of the State and City of New York to prevent, respond to and investigate crimes.

8. Upon information and belief, at all times relevant hereto, Detective Alvarez, Detective Maisonette and Detective Artiles were employed by the New York City Police Department as detectives. As such, Detective Alvarez, Maisonette and Artiles possessed the authority under the color of law to make arrests and investigate crimes committed in the City of New York.

9. On March 20, 2014 Plaintiff was lawfully in the vicinity of 117 West 90th Street, New York, NY when Detective Alvarez, Maisonette and Artiles unlawfully took him into custody for alleged involvement with the sale of cocaine. Plaintiff suffers from asthma and the Defendants confiscated Plaintiff's asthma pump when they arrested him.

10. Defendants placed Plaintiff handcuffed in a van with other detained individuals until he was ultimately transported to the 24th Precinct that was controlled and operated by Defendants. In the course of that transport, Plaintiff suffered an asthma attack that was not

alleviated until his asthma pump was returned to him at the 24th Precinct. Subsequently Plaintiff was transported to New York County Central Booking located at 100 Centre Street.

11.     Plaintiff was charged under New York County Docket No.: 2014NY022134 with one count of Criminal Sale of a Controlled Substance in the Third Degree Penal Law §220.39(1) and one count of Criminal Sale of a Controlled Substance in or Near School Grounds Penal Law §220.44(2). Plaintiff was released at approximately 11:30 p.m. on March 21, 2014.

12.     Thereafter, Plaintiff attended several court appearances pertaining to New York County Docket No.: 2014NY022134. Ultimately, the case was dismissed on October 10, 2014.

### FIRST CAUSE OF ACTION
### VIOLATION OF CONSTITUTIONAL RIGHTS PURSUANT TO 42 U.S.C. §1983

13.     Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 12.

14.     At all times pertinent hereto the defendants acted under color of law in connection with their false arrest and imprisonment of plaintiff.

15.     That on March 20, 2014 the Defendants wrongfully seized, detained, searched, arrested and imprisoned plaintiff in violation of his constitutional rights including but not limited to violation of the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution in violation of his rights secured by the Constitution and laws of the State of New York. That on March 20, 2014 Defendant City of New York had customs, policies and practices in place that allowed for the aforementioned actions and inactions.

## GENERAL DAMAGE

16. Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 15.

17. As a result of the actions and inactions of the Defendants set forth herein, the Plaintiff was caused to incur a violation of his civil and constitutional rights.

18. As a result of the actions of the Defendants set forth herein, the plaintiff was caused to experience pain and suffering as well as sustain shock, embarrassment, humiliation, and fear that prevents the Plaintiff from engaging in and enjoying ordinary daily activities, nervousness, anxiety and stress. As such, the plaintiff seeks damages in the amount of seventy five thousand dollars ($75,000).

19. This action falls within one of the exceptions set forth in C.P.L.R. Article 16.

## PUNITIVE DAMAGES

20. Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 19.

21. The Defendants actions as set forth herein rise to a level of wanton, reckless, malicious and intentional disregard of the plaintiffs civil and constitutional rights and as such the plaintiff herein requests that this court impose punitive damages as a result of said actions.

## SPECIAL DAMAGES

22. Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 21.

23. Plaintiff seeks to recover reasonable attorneys fees and costs associated with the prosecution of this civil action pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff demands judgment against the defendants for the amount in excess of the jurisdictional limits of the Court together with attorney's fees, interest, costs, and such other relief as the court may deem appropriate.

Dated: New York, NY
June 9, 2015

LAW OFFICE OF JASON LOPEZ
By: JASON L. LOPEZ

*Attorneys for Plaintiff*
325 Broadway, Suite 404
New York, NY 10007
(212) 964-4144

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KENNETH BROWN,

                      Plaintiff,

    -against-

THE CITY OF NEW YORK, DETECTIVE RICHARD
ALVAREZ (SHIELD NO.: 1415), DETECTIVE
WILLIAM MAISONETTE (SHIELD NO.: 4606) AND
DETECTIVE WILLIAM ARTILES (SHIELD NO.:774)

                    Defendants.
------------------------------------------------------------------X

CIVIL ACTION

*VERIFIED COMPLAINT*

JURY TRIAL DEMANDED

**Index No.**   15 CV 612 (VSB)

## AMENDED SUMMONS & COMPLAINT

LAW OFFICE OF JASON LOPEZ
325 Broadway, Suite 404
New York, NY 10007
(212) 964-4144

The undersigned, an attorney admitted to practice in the courts of the State of New York, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: June 9, 2015

                                                            Jason L. Lopez

Service of the within is hereby admitted
Dated:

                                                            Attorney(s) for